J. W. KELLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IDA M. KELLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6476, 6477.    Promulgated May 4, 1927.

In the absence of evidence upon which to determine whether a loss contended for by the petitioners was sustained, the action of the respondent in disallowing the loss is approved.

*James A. Councilor, Esq.*, for the petitioners.
*Thos. M. Wilkins, Esq.*, for the respondent.

The above two proceedings which were consolidated for the purpose of trial involve the same question and are for the redetermination of deficiencies in income tax for the year 1921. The deficiency asserted in the case of J. W. Kelly is $3,614.80 and in the case of Ida M. Kelly it is $3,646.80.

The deficiencies result in part from the action of the respondent in disallowing a deduction of $30,045.19 taken as a loss on the sale of stock by a partnership in which the petitioners each owned a one-half interest.

### FINDINGS OF FACT.

The petitioners are individuals residing at Los Angeles, Calif., and each owned a one-half interest in the partnership of J. W. and Ida M. Kelly.

From 1908 until the latter part of 1912, the petitioners each owned a one-third interest in the Kelly-Price Co., a California corporation. The remaining one-third interest was owned by S. H. Price. Some time during the period from 1908 to the latter part of 1912 the Kelly-Price Co. acquired 13,754 shares of the capital stock of the Hazelton Crude Oil Co., a corporation organized in November, 1908, with a

capital stock of $25,000, divided into 25,000 shares of a par value of $1 each, all of which were issued for cash at par. In the latter part of 1912 the petitioners and Price decided to dissolve the Kelly-Price Co. A petition for dissolution was filed with the clerk of the Superior Court of Kern County, California, and on December 12, 1912, a decree was issued dissolving the company, authorizing the directors to settle the affairs of the corporation and make distribution to the stockholders in proportion to their respective interests.

At the time of dissolution, the Kelly-Price Co. owned the 13,754 shares of stock mentioned above, a residence, and a one-half interest in the Coons-Price Merchandise Co., in all of which each of the petitioners and Price at that time became the owner of a one-third interest. About the time of dissolution, it was agreed by the parties that Price would transfer to the petitioners his interest in the property of the dissolved corporation. Pursuant to that agreement, a contract was entered into on December 31, 1912, whereby Price disposed of his interest in the assets of the dissolved corporation and received in exchange therefor about 115 or 120 acres of land owned by the petitioners and located in Kern County, Calif.

For the purpose of the trade, the assets owned by the Kelly-Price Co. were valued as follows:

| | |
|---|---|
| Residence | $3,000 |
| One-half interest in Coons-Price Merchandise Co | 15,000 |
| 13,754 shares of the capital stock of the Hazelton Crude Oil Co | 30,000 |
| Total | 48,000 |

Price's one-third interest was accordingly valued at $16,000, which was the agreed valuation given by the three parties to the land conveyed to him.

In June, 1913, the stock of the Hazelton Crude Oil Co. owned by the Kelly-Price Co. at the time of dissolution was transferred to J. W. Kelly, who, as a matter of convenience, held it in his name for himself and Mrs. Kelly. The stock had the same value in June, 1913, that it had on December 31, 1912. On October 17, 1913, and on November 14, 1913, assessments of 5 cents per share were made against the stock of the Hazelton Crude Oil Co. These assessments were paid by Kelly on the stock standing in his name. On March 8, 1917, a dividend of $700 was declared by the Hazelton Crude Oil Co. Kelly received an amount proportional to the stock owned by him and Mrs. Kelly.

In November, 1921, the petitioners sold their "entire interest" in the Hazelton Crude Oil Co. to W. H. Coons for $5,000.

OPINION.

TRAMMELL: The petitions in these proceedings allege that in 1908 the partnership of J. W. and Ida M. Kelly acquired 13,754 shares of the stock of the Hazelton Crude Oil Co.; that the cost to the partnership of the stock, including assessments, was $35,430.35, which should be reduced by $385.11 representing a return of capital; and that in 1921 the partnership sold its stock for $5,000, thereby sustaining a loss of $30,045.19.

The petitioners contend that the disallowance of the loss by the respondent and the addition to the income reported by each of his or her proportionate share of the amount of loss disallowed is erroneous.

It is shown by the evidence as stated in the findings, that on the dissolution of the Kelly-Price Co. on December 12, 1912, the petitioners each became the owner of a one-third interest in the 13,754 shares of the Hazelton Crude Oil Co. stock previously owned by the dissolved corporation. It is further shown that on December 31, 1912, they acquired Price's one-third interest in the stock.

Relative to the basis for determining gain or loss, section 202 of the Revenue Act of 1921 provides as follows:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property  *   *   *

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

In order to determine whether the loss claimed by the petitioners was sustained, it is necessary to know (1) the cost to the petitioners of the two-thirds interest in the 13,754 shares of the Hazelton Crude Oil Co. stock acquired by them on the dissolution of the Kelly-Price Co.; (2) the fair market price or value as of March 1, 1913, of such two-thirds interest; (3) the cost to the petitioners of the one-third interest in the 13,754 shares of the Hazelton Crude Oil Co. stock acquired by them from Price on December 31, 1912; (4) the fair market price or value as of March 1, 1913, of such one-third interest; and (5) the amount received for the shares of stock disposed of in that year. If any one of these is unknown, it can not be determined that the loss contended for by the petitioners was sustained.

There was no attempt made to show what was the cost to the petitioners of the two-thirds interest in the stock acquired by them upon the dissolution of the Kelly-Price Co., which cost was represented by the value thereof when received in dissolution in exchange for stock.

The evidence shows that the petitioners acquired Price's one-third interest in the stock on December 31, 1912, along with his interest in certain other assets owned by the Kelly-Price Co. at the time of dissolution, in exchange for certain land which was owned by the petitioners and which for the purpose of the exchange was valued by the three parties at $16,000. The evidence does not show when or at what cost the petitioners acquired the land, or its value when the exchange was made. Consequently, we are unable to determine the cost to the petitioners of Price's one-third interest in the stock.

No evidence was submitted relative to the fair market price or value of the stock as of March 1, 1913. It is urged in the brief of the petitioners that inasmuch as the stock was given a value of $30,000 for the purpose of the exchange and that as it had the same value in June, 1913, when certificates were issued to Kelly for the stock previously owned by the Kelly-Price Co. as it had on December 31, 1912, the amount of $30,000 represents its fair market value on March 1, 1913. We are unable to agree to that for the reason that the evidence does not show what the value was in December, 1912. There is no evidence that the values agreed upon for the exchange represented the fair market price or value of the property. On the other hand, the evidence clearly indicates that the values placed on the assets for the purpose of the exchange had no necessary relation to the fair market price or values. Kelly testified that the residence, which was given a value of $3,000 for the purpose of the exchange, really had a value of about $1,500 for sale purposes. In the present situation we do not have willing buyers and willing sellers dealing at arm's length in the open market, but individuals who have been associated in a business way for several years attempting to wind up the affairs of a dissolved corporation by adjusting their interests in its assets. In view of the circumstances in this case the acceptance of the contention insisted on in behalf of the petitioners would be unwarranted.

Of the facts necessary for the petitioners to establish in order for us to determine whether the loss contended for was sustained, only one has been established, that being that in November, 1921, the petitioners disposed of their entire interest in the Hazelton Crude Oil Co. stock for $5,000. The petitioners having failed to establish the facts necessary for a determination of whether a loss had been sustained, the action of the respondent is approved.

*Judgment will be entered on 15 days' notice, under Rule 50.*